# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>SOUTHPORT WAVE SA and GOLDEN UNION ENTERPRISES SA, AS OWNERS AND MANAGING OWNERS OF THE M/V FLAG GANGOS PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## VERIFIED COMPLAINT IN LIMITATION

The Complaint in Limitation of Southport Wave SA and Golden Union Enterprises SA, as owners and managing owners, respectively, of M/V FLAG GANGOS (hereinafter collectively referred to as "petitioners"), in a cause of exoneration from and limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, alleges upon information and belief, as follows:

(1) At all times pertinent to this cause, Southport Wave SA ("Southport"), was a company organized and existing under and by virtue of the laws of a foreign nation, with its principal place of business outside the United States, and was the owner of M/V FLAG GANGOS.

(2) At all times pertinent to this cause, Golden Union Enterprises SA ("Golden Union") was a corporation organized under and existing by virtue of the laws of a foreign nation, with its principal place of business outside the United States, and was the managing owner of

1

M/V FLAG GANGOS, manning, victualing, and in operational control of said vessel.

(3) M/V FLAG GANGOS is a bulk carrier bearing IMO number 9643508 and flagged under the laws of Malta and home-ported in Valetta.

(4) Petitioners used due diligence to make the aforementioned vessel seaworthy, and she was, prior to the casualty herein, tight, staunch, strong, and fully and properly manned, equipped, and supplied and in all respects seaworthy and fit for the service in which she was engaged.

(5) During the late evening of August 12, 2014, while proceeding under compulsory pilotage downbound in the Mississippi River the FLAG GANGOS experienced a failure of her steering gear and struck a dock in Gretna, Louisiana owned by IMTT, the M/T PAMISOS and barge WEB 235.

(6) This Complaint is filed within six months from the date petitioners received first notice of a limitable claim.

(7) The aforementioned incident was not due to any fault, neglect or want of care on the part of petitioners or M/V FLAG GANGOS or anyone for whom said petitioners may be responsible.

(8) The aforementioned incident was occasioned and occurred without the privity and knowledge of petitioners herein.

(9) As a result of the aforementioned incident, certain persons allege they sustained physical damages, economic, and/or other losses.

(10) Filed herewith is a list of all demands related to this aforementioned incident, of which petitioners have knowledge, as of the time of the filing of this Complaint. Upon

information and belief, petitioners are, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims of liens, or liens against petitioners or the M/V FLAG GANGOS arising out of the aforementioned incident.

(11) As a result of the aforementioned incident, petitioner's vessel sustained damage presently estimated at $1,104,800. (Exhibits "A" and "B"). Petitioners reserve the right to supplement and amend this paragraph as further facts are developed.

(12) The subject voyage of the M/V FLAG GANGOS began in the Mississippi River on August 12, 2014. Her pending freight for the voyage is $514,550. (Exhibit "C")

(13) Petitioners' interest in M/V FLAG GANGOS, based on the attached Valuation Report (Exhibit "D"), together with its pending freight, and the damage sustained by FLAG GANGOS, did not and does not now exceed the maximum sum of $26,409,750.

(14) Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking in the sum of $26,409,750, plus interest at six percent (6%) per annum form the date of said Letter of Undertaking, said sum representing the total value of the M/V FLAG GANGOS, her appurtenances, and pending freight following the casualty, and petitioners are also prepared, in respect to security to appraisal, to act in accordance with the provisions of Rule F(1) and (7), when and if the Court should so warrant.

(15) Petitioners claim exoneration from and limitation of liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners allege that they have a valid defense thereto on the facts and on the law. Alternatively, petitioners, without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of

Title 46 of the United States Code, and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

(16)    Petitioners show that if one or all of them should be held liable to any degree to anyone, which is denied, the liability should be limited to and not exceed the value of petitioners' interest in the aforementioned vessel and her freight in the maximum aggregate of $26,409,750.

(17)    Should it later appear that Petitioners are or may be liable and that the amount or value of their interests in the M/V FLAG GANGOS and her pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro rata in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

(18)    All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, petitioners pray:

(1)    This Court issue an Order approving the Letter of Undertaking submitted to the Court by petitioners as security for the amount or value of its interest in the M/V FLAG GANGOS and her pending freight;

(2)    This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with

the Clerk of this Court and to serve on the attorneys for petitioners a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3) This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, their officers, and their underwriters, and/or against the M/V FLAG GANGOS, her officers and crews or against any employee or property of petitioners except in this action, to recover damages for or in respect of any loss, damage, injury, or deaths occasioned or incurred as a result of the aforesaid accident;

(4) This Court will adjudge that petitioners are not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(5) The Court in this proceeding will adjudge that petitioners are not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the accident, or for any claim whatsoever in any way arising from or in consequence of the aforesaid accident; or if petitioners shall be adjudged liable, then that such liability be limited to the amount or value of petitioners' interest in the M/V FLAG GANGOS and her pending freight, as aforesaid, at the end of the voyage on which it was engaged at the time of the accident, and that petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid

or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both petitioners and their underwriters from all further liability; and

(6)  Petitioners may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

PHELPS DUNBAR LLP

_____
Robert J. Barbier (#2741)
Michael M. Butterworth (#21265)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Attorneys for Petitioners,
Southport Wave SA,
Golden Union Enterprises SA, and
M/V FLAG GANGOS
robert.barbier@phelps.com
michael.butterworth@phelps.com

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

    BEFORE ME, the undersigned authority, personally came and appeared:

MICHAEL M. BUTTERWORTH

who, being duly sworn, did depose and say:

    That he is the attorney for the captioned petitioners in limitation; that he makes this verification on behalf of petitioners for the reason that no officers of petitioners are available in the district to sign same; that he is authorized to make this affidavit and to file the foregoing Complaint in Limitation on behalf of petitioners; that he has read the above and foregoing Complaint in Limitation and all the allegations of fact therein contained are true and correct, upon information and belief, and based upon publicly available information sources, conversations with representatives of petitioners, and e-mails and documents received from petitioners.

_____<br>MICHAEL M. BUTTERWORTH

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 11th DAY OF

SEPTEMBER, 2014.

_____
NOTARY PUBLIC

KEVIN J. LaVIE
Attorney at Law & Notary Public
State of Louisiana
Louisiana Bar Roll No: 14125
My Notarial Commission is for Life